UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RUTH ATEN, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | 1:13-cv-622-JMS-DKL |
| | ) | |
| MENARD, INC., | ) | |
|     *Defendant.* | ) | |

# ORDER

Defendant Menard, Inc. ("Menard"), has removed Plaintiff Ruth Aten's state court action to federal court, alleging that this Court can exercise diversity jurisdiction. [Dkt. 1.] Because Menard fails to properly plead facts supporting diversity jurisdiction, the Court cannot confirm that it exists in this case. The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

Menard makes no allegations regarding Ms. Aten's citizenship. For purposes of diversity jurisdiction, an individual's citizenship "is the place one intends to remain." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). An allegation of residence is inadequate. *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998); *see also Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (holding that residency and citizenship are not the same, and it is the latter that matters for purposes of diversity).

Menard alleges that it is a "Wisconsin corporation" but it does not allege its principal place of business. [Dkt. 1 at 1 ¶ 2.] A corporation is deemed a citizen of any state where it is incorporated and a citizen of the state where it has its principal place of business. 28 U.S.C. §

1332(c)(1); *see also Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006) (a corporation has two places of citizenship: where it is incorporated and where it has its principal place of business).

In addition to diversity of citizenship, the amount in controversy must exceed "$75,000, exclusive of interest and costs" for the Court to exercise diversity jurisdiction. 28 U.S.C. § 1332. Menard alleges that Ms. Aten has incurred medical expenses of $43,000 and that "[b]ased on statistics concerning the value of knee injury claims being decided by Indiana juries (i.e. 7.4 times the amount of medical expenses), [Menard] believes that [Ms. Aten's] damages exceed $75,000." [Dkt. 1 at 1 ¶ 2.] Menard does not include the "exclusive of interest and costs" language in its allegation, and based on the amount of medical expenses, Ms. Aten may disagree that the requisite amount in controversy is present.

For these reasons, the Court **ORDERS** the parties to conduct whatever investigation is necessary and file a **joint jurisdictional statement** by **April 29, 2013**, specifically setting forth each party's citizenship and whether the amount in controversy exceeds $75,000, exclusive of interest and costs. If the parties cannot agree on the contents of a joint statement, competing statements must be filed by that day. A compliant statement will relieve Ms. Aten of her obligations to file a response to the notice of removal pursuant to Local Rule 81-1.

04/17/2013

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**<u>Distribution via ECF only</u>:**

Edward J. Liptak
CARSON BOXBERGER
liptak@carsonboxberger.com

Matthew William Lloyd
LLOYD LAW LC
mlloyd@lloyd-law.com